UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

ROBIN HOWARD AHMADIN, on behalf )
of Herself and All Others Evicted from, )
Denied access to or steered away from Sunset )
Heights Sunset Towers on the Basis of )
Familial Status, )
)
        Plaintiff, )
)
v. ) Case No. 11-4065
)
ROCK ISLAND HOUSING AUTHORITY, )
)
        Defendant. )

<u>ORDER</u>

This matter comes before the Court on Defendant Rock Island Housing Authority's Motion to Dismiss.  Vacated

I.      BACKGROUND

Plaintiff Robin Howard Ahmadin filed an Amended Complaint stating that in January 2010, she lived in Sunset Heights, an apartment building operated by Defendant Rock Island Housing Authority ("RIHA").  Ahmadin alleges she was forced to move to Manor Homes, another housing authority facility, when her minor grandson began living with her.  She asserts the transfer by RIHA was initiated because of her familial status in violation of the Fair Housing Act ("FHA").  42 U.S.C. § 3604(a), (b).  RIHA claims its acts are immunized by the Illinois Tort Immunity Act.  745 ILL.COMP.STAT. 10/2-103, -108.  It also seeks to rely on a letter from the Department of Children and Family Services ("DCFS") to establish it did not actually violate the FHA.

1

II.   DISCUSSION

"It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601.  To achieve that goal, Congress enacted the Fair Housing Act and made it unlawful to refuse to sell or rent or discriminate against any person "because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a), (b).

The Illinois Tort Immunity Act states "[a] local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." 745 ILL.COMP.STAT. 10/2-103.  It also immunizes public entities "for any injury caused by the granting, or failure to grant, public welfare goods or monies." 745 ILL.COMP.STAT. 10/2-108.

A.   IMMUNITY

Although the parties have devoted their filings to the Illinois Tort Immunity Act, the Court finds it inapplicable.  It is well settled that "[t]he elements of, and the defenses to, a federal cause of action are defined by federal law." *Howlett v. Rose*, 496 U.S. 356 (1990).

The Seventh Circuit recently addressed the interplay between a federal claim and state immunity in *Empress Casino Joliet Corp. v. Blagojevich*, 638 F.3d 519, 530 (7th Cir. 2011), *vacated in part sub nom. Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 649 F.3d 799 (7th Cir. 2011).  In *Empress Casino Joliet Corp.*, casinos sued then-Governor Rod Blagojevich and others for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962.  Blagojevich asserted federal common law legislative immunity

precluded the civil RICO suit.  The casinos argued that state law, which more restrictively defined the immunity, should apply.  The Seventh Circuit found in favor of Blagojevich.

> It is blackletter law that "[t]he elements of, and the defenses to, a federal cause of action are defined by federal law." *Howlett v. Rose*, 496 U.S. 356, 375, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *see also Owen v. City of Independence*, 445 U.S. 622, 647 n.30, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) ("Municipal defenses– including an assertion of sovereign immunity–to a federal right of action are, of course, controlled by federal law.").  Indeed, the Supreme Court has expressly rejected the position that a state constitution or other state law should have any effect on federal common-law legislative immunity.  *See Lake Country Estates [v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 404-05 (1979).]
> 
> There is good reason to preserve the content and scope of federal immunity doctrine from state encroachment. Were it otherwise, states could strip their officials of immunity in federal court or immunize them for federal constitutional or statutory violations, frustrating the operation and uniformity of federal law. Then–Judge Stevens made this point explicit in an opinion for this court more than thirty years ago:
>> Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law.  A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced.
>
> *Hampton v. City of Chicago*, 484 F.2d 602, 607 (7th Cir. 1973) [(holding that the Illinois Tort Immunity Act did not immunize conduct that violated 42 U.S.C. § 1983)].

*Empress Casino Joliet Corp.*, 638 F.3d at 530;[1] *accord Martinez v. California*, 444 U.S. 277, 284 (1980) (holding that a state immunity statute does not affect a federal cause of action even when asserted in state court).

---

[1] In reaching its decision, the Seventh Circuit drew heavily from Section 1983 jurisprudence despite the fact plaintiffs sued under RICO.  Historically, Section 1983 actions have provided a forum for parties and courts to flesh out the scope of immunity for federal claims.

While the instant case and *Empress* are factually distinguishable, the plaintiffs in *Empress* sought relief under RICO instead of the FHA and their success hinged on legislative rather than municipal immunity, they are legally indistinguishable. Federal law defines the immunity available to defeat a federal claim – not state law. The Illinois Tort Immunity Act cannot eviscerate the civil rights encapsulated in the Fair Housing Act. RIHA's attempt to evade liability through the Illinois Tort Immunity Act, 745 ILL.COMP.STAT. 10/2-103, -08, is ineffective.

### B.   FACTS OUTSIDE THE PLEADINGS

Defendant also argues that the letter from DCFS, attached to its motion to dismiss, establishes it did not actually violate the FHA. The court declines to convert RIHA's motion to dismiss into a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 12(d), and, therefore, will not consider the letter attached to the RIHA's motion to dismiss. *See Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009) (noting a district court has discretion to not convert a defendant's motion under Rule 12(b)(6) to a motion for summary judgment).

## III.   CONCLUSION

Rock Island Housing Authority's Motion to Dismiss is DENIED. Ahmadin's Motion to Strike Reply to Motion to Dismiss is DENIED as moot.

Entered this 25th day of January, 2012.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
